Opinion issued September 17,
2009                                                                    

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

­­­­­­­­­­



 

NO. 01-07-00681-CR

NO. 01-07-00682-CR

 



 

DAVID ASHIRE, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause Nos. 1110302 & 1110303

 

 



CONCURRING OPINION

          I concur,
and make the following observations.  

          I read the colloquy between the bench and counsel for Defense
and State to have included a properly preserved Rule 403 objection that
extraneous-offense evidence of the 1995 hit-and-run collision should not have
been admitted at the punishment phase of the trial because the probative value
of such evidence was significantly outweighed by the danger of unfair prejudice.  See Tex. R. Evid. 403.  Such an objection is distinct from that of
whether the evidence met the requirements of Code of Criminal Procedure article
37.07[1]
to be relevant for admission at punishment, which objection appellant also made
at trial.  See Henderson v. State,
29 S.W.3d 616, 626 n.11 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d) (noting that even if evidence is relevant at
punishment, it is still subject to a Rule 403 analysis).

          Despite the preservation of such an
objection at trial, on appeal, we have been presented with a complaint only that
the trial court improperly admitted this evidence under the standards of
article 37.07 because the State failed to show that appellant had committed the
extraneous offense beyond a reasonable doubt.  Although appellant cited cases in his brief
relating to a Rule 403 objection, all of the cited authorities dealt with the
admission of extraneous offenses at the
guilt-innocence phase of trial, under Texas Rule of Evidence 404(b), rather
than at the punishment phase of trial under article 37.07.  Appellant also made no argument on appeal
that this evidence should not have been admitted at punishment because the
probative value of such evidence was significantly outweighed by the danger of
unfair prejudice.  See Tex.
R. App. P. 38.1(i).  Therefore,
such a contention was not before us on appeal, and we have not reviewed
it.  See
Jones v. State, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003) (holding that
when appellant did not present any authority or argument in support of
complaint on appeal, issue was inadequately briefed).

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Bland, Sharp,
and Taft.

Justice Sharp, concurring.

Publish.  See Tex. R. App. P.
47.2(b).











[1]
              “[E]vidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to . . . any other evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by
the defendant or for which he could be held criminally responsible, regardless
of whether he has previously been charged with or finally convicted of the
crime or act.”  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008).